UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALLEN LANARD MCGRIFF,

        Petitioner,

v.                               Case No. 3:15-cv-1281-J-39JBT

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

        Respondents.

## ORDER

### I. INTRODUCTION

Petitioner Alan Lanard McGriff challenges a 2009 Duval County conviction for attempted second degree murder and aggravated battery with a deadly weapon. Petitioner raises three claims for habeas relief in his Petition (Doc. 1).[1] Respondents filed an Answer in Response to Order to Show Cause (Response) (Doc. 22) with supporting Exhibits.[2] Petitioner filed a Reply Unto Respondent[s'] Response to Order to Show Cause (Reply) (Doc. 23). See Order (Doc. 7).

---

[1] Although Respondents reference four grounds of the Petition, upon review, only three grounds are raised in the Petition (Doc. 1). Under ground four of the habeas petition form, it states "none[.]" Petition at 10.

[2] The Court hereinafter refers to the exhibits contained in the Appendices as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the exhibit. Otherwise, the page number on the particular document will be referenced. The Court will reference the page numbers assigned by the electronic docketing system where applicable.

## II. CLAIMS OF PETITION

Petitioner raises three grounds in his Petition: (1) his new sentence violates Apprendi[3] and Blakely[4]; (2) the state courts failed to release and discharge Petitioner on state case number 16-2006-CF-018335; and (3) the trial court failed to modify the original sentence or impose a new sentence after it found Petitioner's sentence to be illegal.

Respondents urge this Court to deny the Petition without conducting an evidentiary hearing. Response at 35. The Court will address the three grounds raised in the Petition, see Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992), but no evidentiary proceedings are required in this Court.

## III. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs a state prisoner's federal petition for habeas corpus. See 28 U.S.C. § 2254; Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S.Ct. 1432 (2017). "AEDPA limits the scope of federal habeas review of state court judgments[.]" Pittman v. Sec'y, Fla. Dep't of Corr., 871 F.3d 1231, 1243 (11th Cir. 2017). As such, AEDPA ensures that federal habeas relief is limited to extreme malfunctions, and not used as a means to attempt to correct state

---

[3] Apprendi v. New Jersey, 530 U.S. 466 (2000).

[4] Blakely v. Washington, 542 U.S. 296 (2004).

court errors. Ledford, 818 F.3d at 642 (quoting Greene v. Fisher, 132 S.Ct. 38, 43 (2011)).

The parameters of review are as follows:

> Thus, under AEDPA, a person in custody pursuant to the judgment of a state court shall not be granted habeas relief on a claim "that was adjudicated on the merits in State court proceedings" unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or ... was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "For § 2254(d), clearly established federal law includes only the holdings of the Supreme Court—not Supreme Court dicta, nor the opinions of this Court." Taylor v. Sec'y, Fla. Dep't of Corr., 760 F.3d 1284, 1293-94 (11th Cir. 2014).
>
> As for the "contrary to" clause, "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Terry Williams v. Taylor, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Under the "unreasonable application" clause, a federal habeas court may "grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts." Id. at 413, 120 S.Ct. 1495. "In other words, a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'" Wiggins v. Smith, 539 U.S. 510, 520, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (quoting Lockyer v. Andrade, 538 U.S. 63, 76, 123 S.Ct. 1166,

> 155 L.Ed.2d 144 (2003)). And "an 'unreasonable application of' [Supreme Court] holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice." Woods v. Donald, --- U.S. ----, 135 S.Ct. 1372, 1376, 191 L.Ed.2d 464 (2015) (per curiam) (quotation omitted). To overcome this substantial hurdle, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011). This is "meant to be" a difficult standard to meet. Id. at 102, 131 S.Ct. 770.

Pittman, 871 F.3d at 1243-44.

There is a presumption of correctness of state court's factual findings, unless the presumption is rebutted with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The standard of proof is demanding, requiring that a claim be highly probable. Bishop v. Warden, GDCP, 726 F.3d 1243, 1258 (11th Cir. 2013), cert. denied, 135 S.Ct. 67 (2014). Also, the trial court's determination will not be superseded if reasonable minds might disagree about the factual finding. Brumfield v. Cain, 135 S.Ct. 2269, 2277 (2015). Also of note, "[t]his presumption of correctness applies equally to factual determinations made by the state trial and appellate courts." Pope v. Sec'y for Dep't of Corr., 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003)), cert. denied, 568 U.S. 1233 (2013).

In applying AEDPA deference, the first step is to identify the last state court decision that evaluated the claim on its merits. Marshall v. Sec'y, Fla. Dep't of Corr., 828 F.3d 1277, 1285 (11th Cir. 2016).[5] Once identified, the Court reviews the state court's decision, "not necessarily its rationale." Pittman, 871 F.3d at 1244 (quoting Parker v. Sec'y for Dep't of Corr., 331 F.3d 764, 785 (11th Cir. 2003) (citation omitted)).

Regardless of whether the last state court provided a reasoned opinion, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington v. Richter, 562 U.S. 86, 99 (2011). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Richter, 562 U.S. at 99-100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)).

Where the last adjudication on the merits is unaccompanied by an explanation, the petitioner must demonstrate there was no reasonable basis for the state court to deny relief. Id. at 98. "[A] habeas court must determine what arguments or theories

---

[5] As suggested by the Eleventh Circuit in Butts v. GDCP Warden, 850 F.3d 1201, 1204 (11th Cir. 2017), petition for cert. filed, (U.S. Sept. 29, 2017) (No. 17-512), in order to avoid any complications if the United States Supreme Court decides to overturn Eleventh Circuit precedent as pronounced in Wilson v. Warden, Ga. Diagnostic Prison, 834 F.3d 1227 (11th Cir. 2016) (en banc), cert. granted, 137 S.Ct. 1203 (2017), this Court, will employ "the more state-trial-court focused approach in applying § 2254(d)[,]" where applicable.

supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the] Court." Richter, 562 U.S. at 102; Marshall, 828 F.3d at 1285.

Although the § 2254(d) standard is difficult to meet, it was meant to be difficult. Rimmer v. Sec'y, Fla. Dep't of Corr., 876 F.3d 1039, 1053 (11th Cir. 2017) (opining that to reach the level of an unreasonable application of federal law, the ruling must be objectively unreasonable, not merely wrong or even clear error). Indeed, in order to obtain habeas relief, "a state prisoner must show that the state court's ruling on the claim being presented . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

**IV. PROCEDURAL HISTORY**

Petitioner was charged by amended information with two counts of attempted murder in the second degree and one count of possession of a firearm by a convicted felon. Ex. B at 21-22. The state filed a Notice of Intent to Classify Defendant as a Prison Release Re-Offender (PRR). Id. at 25. The court granted the request to sever count three. Id. at 63. The state and the defense filed a joint stipulation that Plaintiff has been twice convicted of a felony offense. Id. at 90.

As to count one, Petitioner was convicted and sentenced to 55 years with a 15-year minimum mandatory term. Ex. HH at 150-53. As to count two, he received 30 years with a 15-year minimum mandatory term. Id. "[T]he only way the PRR came in was he was to serve a hundred percent of his sentence." Ex. C at 335. The court imposed concurrent sentences. Ex. HH at 151.

Petitioner appealed his judgment and conviction for attempted second degree murder with a firearm and aggravated battery with a firearm. Ex. A at 1. He claimed that the trial court reversibly erred in reading the jury instruction on the law of principals and his PRR sentence was unconstitutional. Id. at 1-2. On June 30, 2009, the First District Court of Appeal (1st DCA) agreed that the trial court erred in instructing the jury on the law of principals. Id. at 2. As a result, the 1st DCA reversed the convictions and sentences and remanded for a new trial. Id. at 4. The mandate issued on July 16, 2009. Ex. B at 92.

On July 23, 2009, the circuit court entered an Order to Transport and Scheduling Hearing, directing the Sheriff to transport and return Petitioner to the pre-trial detention facility in Jacksonville and to present him to the circuit court on Monday, August 3, 2009. Id. at 98. Upon re-trial, the jury returned verdicts of guilty as to attempted second degree murder, while also finding that Petitioner discharged a firearm causing great bodily harm to another (count one), and as to aggravated battery, finding Petitioner discharged a firearm causing great bodily harm to

another (count two). Ex. C at 294-97. Petitioner moved for a new trial, id. at 298-99, and the court denied the motion. Id. at 300. On November 19, 2009, the circuit court entered a new Judgment for attempted murder in the second degree and aggravated battery with a deadly weapon. Id. at 304-305. The court also entered a New Sentence of 55 years on count one and 25 years on count two, with the sentences to run concurrently. Id. at 307-309. The court adjudicated Petitioner a Prison Releasee Reoffender (PRR), finding he must serve 100 percent of the court-imposed sentence. Id. at 309. The court also ordered that the 30-year (count one) and 25-year (count two) minimum mandatory imprisonment provisions of 775.087, Fla. Stat., be imposed for the relevant sentences. Id.

Petitioner filed motions to correct his sentence. Ex. H; Ex. I. Petitioner argued that his sentence as a PRR was illegal under Apprendi and Blakely. Ex. H at 1-5. The circuit court denied the Motion to Correct Illegal Sentence pursuant to Rule 3.800(b)(2). Ex. H at 25-26. In his Second Motion to Correct Illegal Sentence, Petitioner argued that his sentence is illegal because it exceeds the statutory maximum for a first degree felony of thirty years. Ex. I at 1-5. The circuit court denied the motion. Ex. J at 1-2.

Petitioner directly appealed his new judgment and sentence. Ex. C at 320. He raised two grounds on appeal: (1) the trial court erred by sentencing Petitioner to a length of incarceration greater than the statutory maximum, and (2) the trial court violated Petitioner's rights to a fair trial and due process, relying on

Blakely and its progeny. Ex. K. The state answered. Ex. L. The 1st DCA affirmed per curiam, relying on Mendenhall v. State, 48 So.3d 740 (Fla. 2010) and Calloway v. State, 914 So.2d 12 (Fla. 2d DCA 2005), cert. denied, 547 U.S. 1080 (2006). Ex. M. The mandate issued on February 18, 2011. Id.

Petitioner filed a pro se Motion to Correct Illegal Sentence pursuant to Rule 3.800(a). Ex. N at 1-7. He amended the motion. Id. at 8-11. In the motions, Petitioner raised three grounds for relief: (1) the 55-year term of incarceration imposed on count one is illegal and exceeds the statutory maximum and constitutes a manifest injustice; (2) the 25-year term of incarceration imposed on count two is illegal because the jury did not make a finding that Petitioner used a deadly weapon; and (3) aggravated battery cannot be considered a lesser-included offense.

The court rejected ground one, finding that the 10-20-Life statute, § 775.087, prevails over the general provisions of § 775.082 regarding statutory maximums, relying on Mendenhall v. State, 48 So.3d at 748. Ex. N at 14. The court recognized that "[t]he First District Court of Appeal has interpreted Mendenhall and section 775.087(2)(b) as specifically allowing circuit courts in the First District to 'impose a sentence in addition to its selected mandatory minimum sentence[.]'" Ex. N at 14-15. The court concluded that Petitioner was exposed to a maximum term of life and rejected his claim that the sentence exceeded the statutory maximum or constituted manifest injustice. Id. at 16.

The court also denied the second ground finding the verdict form clearly refutes Petitioner's claim that the jury did not make a finding that Petitioner used a deadly weapon. Id. at 4-5. Finally, the court denied the third ground for relief, finding it was proper for the court to instruct the jury that aggravated battery is a lesser included offense of attempted second degree murder. Id. at 18. Petitioner moved for rehearing and clarification. Ex. R; Ex. S. The 1st DCA denied rehearing and clarification. Ex. T. Petitioner appealed, and the 1st DCA affirmed per curiam. Ex. U. The mandate issued on November 25, 2015. Id.

Petitioner filed a pro se Petition for Writ of Habeas Corpus in the circuit court for Santa Rosa County. Ex. V. The Florida Department of Corrections responded. Ex. X. The Santa Rosa court transferred the case, Ex. Z, and the Jackson County circuit court denied relief. Ex. AA.

In the petition, Petitioner alleged that his sentence had been vacated on August 19, 2009, and he was due to be immediately released. The Jackson County circuit court rejected this contention, explaining:

> On August 10, 2009, the Department received an Opinion of the First District Court of Appeal dated June 30, 2009, reversing Appellant's convictions and sentences and remanding for a new trial. Pursuant to this opinion, the Department closed interest in the case and released the Department's hold on August 10, 2009 pending the new trial.

Ex. AA at 2.

The court further noted that Petitioner was returned to the Department's custody on December 15, 2009, after being resentenced in the Duval County circuit court on November 19, 2009. Id. The Jackson County circuit court denied habeas relief on July 1, 2015. Id. at 3. Petitioner filed a petition for writ of certiorari, Ex. BB, and the 1st DCA found it untimely and dismissed the petition in its November 5, 2015 opinion. Ex. GG. The mandate issued on December 29, 2015. Id.

Also of note, Petitioner filed a pro se Emergency Request with the 1st DCA. Ex. O. He alleged that he should have been discharged and released from the Duval County Jail on August 19, 2009. Id. at 1. The 1st DCA denied the motion. Ex. Q.

**V. FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**A. Ground One**

In his first ground for habeas relief, Petitioner contends his new PRR sentence violates Apprendi and Blakely. Petition at 5. In their Response at 18, Respondents note that Petitioner exhausted this ground by raising it in his June 18, 2010 motion to correct illegal sentence. Ex. H at 1-24. Significantly, the circuit court, in addressing this claim, recognized that Petitioner challenged his sentence as a PRR under Apprendi and Blakely, but the claim was rejected on its merits, with the court relying on Bailey v. State, 931 So.2d 224, 225 (Fla. 1st DCA 2006) (per curiam), Peterson v. State, 911 So.2d 184, 185 (Fla. 1st DCA 2005),

- 11 -

and <u>Gurley v. State</u>, 906 So.2d 1264 (Fla. 4th DCA 2005), <u>cert</u>. <u>denied</u>, 546 U.S. 1143 (2006). Ex. H at 25-26.

Importantly, the imposition of the PRR sentence was based upon Petitioner's status as a recidivist felon and the date of his release from prison. <u>See</u> Notice of Intent to Classify Defendant as a Prison Release Re-Offender, Exhibit B at 25. The notice states that the state will rely on the defendant's prior conviction and sentence for burglary to a structure on April 8, 2004, from which the defendant was released from incarceration within three years of the date of the commission of the charged crimes.[6] <u>Id</u>. Also, August 15, 2005 is the date of release, and December 17, 2005, is the date of the alleged commission of the charged crimes. <u>Id</u>.

Here, deference under AEDPA should be given to the circuit court's adjudication. The state court's decision is not inconsistent with Supreme Court precedent. The state court's adjudication of this claim is not contrary to or an unreasonable application of federal constitutional law, or based on an unreasonable determination of the facts. Thus, ground one is due to be denied.

---

[6] Of import, the state filed a notice seeking judicial notice of the prior Notice of Intent to Classify Defendant as a Prison Release Re-Offender and informed the court of the same when the PRR issue arose at the new sentencing proceeding. Ex. C at 331-32.

Additionally, even assuming that the state court's adjudication of this claim is not entitled to deference, Petitioner's claim, nevertheless, is without merit.

An explanation follows, including a brief discussion of the impact of <u>Apprendi</u> and <u>Blakely</u> on the constitutional landscape. On June 26, 2000, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Apprendi</u>, 530 U.S. at 490. As the Court clarified on June 24, 2004, "the 'statutory maximum' for <u>Apprendi</u> purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." <u>Blakely</u>, 542 U.S. at 303 (emphasis omitted).

Recognizing recidivism as a traditional basis for a sentencing court's increasing an offender's sentence, the <u>Apprendi</u> Court declined to revisit <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998). <u>Apprendi</u>, 530 U.S. at 488-90. In <u>Almendarez-Torres</u>, the Court established that a defendant's prior conviction is merely "a sentencing factor" that does not have to be submitted to the jury and proved beyond a reasonable doubt. <u>Almendarez-Torres</u>, 523 U.S. at 226-27, 235.

In addressing a Sixth Amendment claim that a prior conviction could not be relied upon because it was not found by a jury beyond a reasonable doubt, the Eleventh Circuit opined:

> Both Supreme Court and this circuit's precedent foreclose [Petitioner]'s arguments. The Supreme Court has held that neither the Constitution nor any statute is violated when a prior offense, not charged in the indictment, is used to increase a sentence. Almendarez-Torres v. United States, 523 U.S. 224, 226-27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). We have applied Almendarez-Torres in holding that a district court does not violate the Sixth Amendment when a statutory maximum sentence is increased based upon judicial findings of prior convictions that were never proved to a jury beyond a reasonable doubt or affirmatively admitted by the defendant in his plea hearing. See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005). Moreover, we have held that neither Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), nor United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) disturbed the Supreme Court's holding in Almendarez v. Torres. Id. Although various justices of the Supreme Court have questioned the soundness of Almendarez-Torres in subsequent decisions, until it is expressly overruled, we are bound to follow it. See United States v. Greer, 440 F.3d 1267, 1273 (11th Cir. 2006).

United States v. McCain, 358 F. App'x 51, 52 (11th Cir. 2009) (per curiam).

Just as the Eleventh Circuit has acknowledged that it is "bound to follow Almendarez-Torres unless and until the Supreme Court itself overrules that decision[,]" United States v. Thomas, 242 F.3d 1028, 1035 (11th Cir. 2001), cert. denied, 533 U.S. 960 (2001), this Court is also bound to follow Almendarez-Torres.

More specifically, in this instance, the trial court did not violate Petitioner's constitutional rights to a trial by jury by

making a PRR designation. A PRR designation "does not provide sentences in excess of the standard statutory maximums." Whitehead v. Sec'y, Dep't of Corr., No. 8:06-cv-35-T17MSS, 2008 WL 423507, at *10 (M.D. Fla. Feb. 13, 2008). Moreover, Blakely (an extension of the Court's ruling in Apprendi) "does not apply to prison releasee reoffender sentences." Spencer v. Sec'y, Dep't of Corr., No. 8:05-cv-107-T-17MAP, 2007 WL 1225377, at *4 (M.D. Fla. Apr. 25, 2007). Indeed, the fact that Petitioner committed his offenses within three years of being released from the FDOC is analogous to the fact of a prior conviction as it demonstrates recidivism. Ross v. McNeil, No. 5:07cv219/RS/EMT, 2010 WL 2179039, at *41 (N.D. Fla. Apr. 14, 2010), report and recommendation adopted by 2010 WL 2179037 (N.D. Fla. May 28, 2010). See Goldsmith v. Sec'y, DOC, No. 3:09-cv-646-J-37TEM, 2011 WL 2473087, at *4 (M.D. Fla. June 22, 2011) (rejecting the claim that by sentencing petitioner as a PRR, the trial court violated his constitutional rights); Gurley v. State, 906 So.2d at 1265 ("For the purpose of applying Apprendi and Blakely, the date of a defendant's release from prison under the prison releasee reoffender statute is analogous to the fact of a prior conviction under the habitual felony offender statute.").

As such, Petitioner's PRR sentence does not violate the United States Constitution, and he is not entitled to habeas relief. Therefore, ground one does is due to be denied. Furthermore, Petitioner cannot establish that the state court's decision denying

his claim for relief was contrary to or an unreasonable application of federal law.

## B. Ground Two

In his second ground, Petitioner complains that he was not discharged and released on state case number 16-2006-CF-018335 even though his sentence was vacated and he should have been released from incarceration after the reversal of his conviction and sentence. Petition at 7. With regard to the question of exhaustion, Respondents concede that Petitioner exhausted this ground by presenting it in his state Petition for Writ of Habeas Corpus. Response at 21. See Ex. V.

The Jackson County circuit court addressed this ground on its merits and denied relief.[7] Ex. AA. Thus, there is a qualifying state court decision and AEDPA deference is warranted. The adjudication of the state court resulted in a decision that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to habeas relief on ground two because the state court's decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly

---

[7] To the extent Petitioner exhausted this ground by filing an Emergency Request with the 1st DCA, Ex. O, the 1st DCA denied this motion. Ex. Q. The Court will assume for the purpose of this opinion that the 1st DCA's decision is entitled to AEDPA deference. The 1st DCA's decision is not contrary to, nor did it involve an unreasonable application of, clearly established federal law, and was not based on an unreasonable determination of the facts.

established federal law, and was not based on an unreasonable determination of the facts.

Moreover, even assuming that the state court's adjudication of this claim is not entitled to deference, ground two presents an issue purely of state law that is not cognizable on federal habeas review. The purpose of a federal habeas proceeding is review of the lawfulness of Petitioner's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States.[8] Coleman v. Thompson, 501 U.S. 722 (1991).

Alternatively, the record clearly demonstrates that the 1st DCA reversed and remanded Petitioner's original judgment and sentence. Thus, his case was remanded to the trial court for a new trial. After the mandate issued on July 16, 2009, Ex. B at 92, the Duval County circuit court, on July 23, 2009, ordered the Sheriff to transport and return Petitioner to the pre-trial detention facility in Jacksonville, Florida in order for Petitioner to stand trial on the pending charges. Id. at 98. On August 10, 2009, when the Florida Department of Corrections (FDOC) received notice of the 1st DCA's decision, it closed its interest in the case and released its hold on Petitioner pending the new trial. Ex. X at 2-3. Petitioner's new trial began on November 10, 2009. Ex. D. He was

---

[8] A federal district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a).

convicted and then re-sentenced on November 19, 2009. Ex. H at 28-34. He was returned to the custody of the FDOC on December 15, 2009. Ex. X at 3.

Based on the record before the Court, Petitioner was not entitled to release before he was retried. Again, the 1st DCA reversed and remanded the case to the trial court. Petitioner was returned to the pre-trial detention facility and stood trial. After his new conviction and sentence, he was returned to the FDOC to serve his new sentence. Petitioner is not entitled to habeas relief on this ground as it has no merit.

### C.  Ground Three

In his third ground, Petitioner raises the following claim: the trial court failed to modify the original sentence or impose a new sentence after it found Petitioner's sentence to be illegal. Petition at 8. This ground is apparently unexhausted and procedurally defaulted as Petitioner did not raise it in the state court system. Id. at 8-9. Assuming arguendo Petitioner could show cause and prejudice excusing his default, this ground has no merit.

The record demonstrates that the 1st DCA did not find Petitioner's original sentence to be illegal. The 1st DCA agreed with Petitioner's assertion that the trial court erred in instructing the jury on the law of principles. Ex. B at 94. It did not, however, reach the claim that the PRR sentence was unconstitutional. Id. Thereafter, the circuit court rejected Petitioner's contentions that his new PRR sentence was illegal

under Apprendi and Blakely, Ex. H at 25-26, and his 55-year sentence under count one was illegal because it exceeded the statutory maximum for a first degree felony.  Ex. J at 1-2.

Upon Petitioner's direct appeal of his new judgment and sentence, the 1st DCA denied Petitioner's claims that the trial court erred by sentencing Petitioner to a length of incarceration greater than the statutory maximum and denied him a fair trial and due process of law by sentencing him as a PRR.  Ex. M.  Moreover, when Petitioner tried to challenge his new sentence through a Rule 3.800(a) motion, the circuit court found that the 10-20-Life statute prevails over the general provisions regarding statutory maximums.  Ex. N at 14.  The 1st DCA affirmed.  Ex. U.

Ground three is without merit.  Petitioner is not entitled to habeas relief, and the Petition is due to be denied.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.  The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.  The **Clerk of the Court** shall enter judgment accordingly and close this case.

3.  If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability**.[9]  Because this Court

---

[9] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this

has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of January, 2018.

_____
BRIAN J. DAVIS
United States District Judge

sa 1/5
c:
Allen Lanard McGriff
Counsel of Record

---

substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.